# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-50830
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2019

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SILVESTRE GARCIA-GONZALEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-483-3

————

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Silvestre Garcia-Gonzalez, federal prisoner # 50704-051, was convicted of aiding and abetting possession with intent to distribute 100 kilograms or more but less than 1,000 kilograms of marijuana. The district court sentenced him to 235 months of imprisonment and an eight-year term of supervised release. He now moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion seeking a sentence reduction pursuant to 18

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50830

U.S.C. § 3582(c)(2), which he based on Amendment 782 to the Sentencing Guidelines. The district court concluded that Garcia-Gonzalez was not entitled to a sentence reduction because he was sentenced under the 2016 Sentencing Guidelines, which incorporated the amendment.

By moving to proceed IFP, Garcia-Gonzalez challenges the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

For the first time in his brief before this court, Garcia-Gonzalez argues that: (1) the Government greatly increased the drug quantity alleged in the case; (2) mere possession of drugs does not qualify as a controlled substance offense; (3) the Government failed to justify an upward variance from the Guidelines; (4) the Government failed to find that other members of the drug operation were above him in the organizational hierarchy for purposes of U.S.S.G. § 3B1.2; (5) there was no factual basis to support his guilty plea; (6) the district court should not have applied the career offender enhancement; and (7) his counsel was ineffective. We do not consider new theories for relief raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Moreover, Garcia-Gonzalez does not reurge his claim for a sentence reduction under Amendment 782.

Therefore, Garcia-Gonzalez's appeal does not involve any "legal points arguable on their merits." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.